UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
Western Division

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC., <br><br> Plaintiff, <br><br> v. <br><br> JAY P. HEFFERNAN, <br><br> Defendant. | Civil Action No. <br> 05-30072-MAP <br><br><br> **PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION** |

**NOW COMES** the plaintiff, Honeywell International Inc. ("Honeywell"), and hereby moves pursuant to Fed. R. Civ. P. 65 for a preliminary injunction restraining defendant, Jay P. Heffernan ("Heffernan"), from engaging in activities that violate Mr. Heffernan's duties owed under a Sales Management, Sales, Customer Relations and Other Key Employees Agreement Relating to Confidential Information and Fiduciary Responsibilities, executed March 16, 1987 (the "Agreement"), during the pendency of this suit. This motion has been filed contemporaneously with: Honeywell's Verified Complaint (including Exhibits A - G); an Emergency *Ex Parte* Motion For An Order of Notice To Schedule A Preliminary Injunction Hearing on the matter (including a proposed order); Honeywell's Memorandum of Law In Support of this Motion; the Affidavit of Mike Maher dated March 22, 2005; and a Proposed Order on Honeywell's Motions for a Preliminary Injunction.

Specifically, Honeywell seeks an injunction ordering the following relief:

- Requiring Heffernan to comply with the specific terms of the Agreement;

- Enjoining Heffernan from directly or indirectly using, disseminating, disclosing, lecturing upon or publishing any Confidential Information,[1] unless otherwise instructed or authorized in writing by Honeywell;

- Requiring Heffernan to immediately return all documents, records, notebooks and other materials of any kind containing, referring or relating to Confidential Information, including copies thereof, currently in his possession, whether prepared by Heffernan or others, to counsel for Honeywell. To the extent that any such Confidential Information is stored in electronic form, Heffernan shall print such information and return it to Honeywell's counsel. Heffernan is further ordered to provide sworn certification that he no longer is in possession of any Honeywell Confidential Information and that any such information that he may have had that was stored in electronic form has been permanently deleted and purged from its storage device.

- Enjoining Heffernan <u>for a period of 12 months</u> from directly or indirectly inducing or attempting to induce any employee of Honeywell to quit or abandon his or her employment with Honeywell.

- Enjoining Heffernan <u>for a period of 12 months</u> from, directly or indirectly, for himself, Tri-Ed Distribution, Inc. or any Conflicting Organization, selling or offering for sale, or assist in any way the sale of Conflicting Products:

    o in the following geographic areas, identified by the first three digits of the postal zip code: Northern New Jersey -- 070-079,085-086,088-089; Southern New Jersey -- 080-084,087; the Hudson River Valley of New York -- 124-127; Northeast New York -- 120-123,128-129,133-135, 137-139; and Western Massachusetts -- 010-016; or

    o to any customer of Honeywell on which Heffernan called or for which he had supervisory responsibility during the one-year period prior to January 31, 2005.

- Requiring Heffernan, <u>within 3 business days from receipt of the Court's Preliminary Injunction Order</u>, to provide to counsel for Honeywell a detailed accounting and certify under oath the customers or potential customers that he has contacted or solicited thus far as an employee of Tri-Ed (and that are located in his former sales territory as set forth above) and the result of such contact or solicitation.

The grounds for Honeywell's Motion are set forth in the Memorandum of Law in Support of Its Motion for Preliminary Injunction, with evidentiary support contained in the Verified Complaint and the Affidavit of Mike Maher.

---

[1] All capitalized terms used herein shall be defined as set forth in the definitions of the Agreement.

2

## REQUEST FOR ORAL ARGUMENT

Plaintiff requests that the Court permit oral argument of its Motion and that it set the Motion for hearing on an expedited basis because of the irreparable harm that Honeywell stands to suffer in the absence of injunctive relief.

    Respectfully submitted,

    HONEYWELL INTERNATIONAL INC.,

    By its attorneys,

Dated: March 23, 2005

Nathan Kaitz, Esq.  BBO #256760
Mark M. Whitney, Esq.  BBO #637054
**MORGAN, BROWN & JOY, LLP**
200 State Street
Boston, MA 02109
617-523-6666

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
Western Division

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC., <br><br> Plaintiff, <br><br> v. <br><br> JAY P. HEFFERNAN, <br><br> Defendant. | Civil Action No. <br> 05-_____ <br><br> **ORDER ON PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION** |

**THIS CAUSE** is before the Court upon the plaintiff's Motion for a Preliminary Injunction. Having considered the bases of the Motion, and being otherwise fully advised in the premises, it is

**ORDERED AND ADJUDGED** that:

Plaintiff's Motion for a Preliminary Injunction is _____.

Defendant Heffernan is hereby enjoined from the following conduct until further notice or until the time for such restriction expires in accordance with this Order:

- Heffernan shall comply with the specific terms of the restrictive covenants in his Sales Management, Sales, Customer Relations and Other Key Employees Agreement Relating to Confidential Information and Fiduciary Responsibilities (the "Agreement") executed March 16, 1987, and attached as Exhibit C to the Verified Complaint.

- Heffernan is hereby enjoined from directly or indirectly using, disseminating, disclosing, lecturing upon or publishing any Confidential Information,[1] unless otherwise instructed or authorized in writing by Honeywell.

- Heffernan is hereby ordered to immediately return all documents, records, notebooks and other materials of any kind containing, referring or relating to Confidential Information, including copies thereof, currently in his possession,

---

[1] All capitalized terms used herein shall be defined as set forth in the definitions of the Agreement.

whether prepared by Heffernan or others, to counsel for Honeywell. To the extent that any such Confidential Information is stored in electronic form, Heffernan shall print such information and return it to Honeywell's counsel. Heffernan is further ordered to provide sworn certification that he no longer is in possession of any Honeywell Confidential Information and that any such information that he may have had that was stored in electronic form has been permanently deleted and purged from its storage device.

- Heffernan is hereby enjoined <u>for a period 12 months</u> from directly or indirectly inducing or attempting to induce any employee of Honeywell to quit or abandon his or her employment with Honeywell.

- Heffernan is hereby enjoined <u>for a period of 12 months</u> from, directly or indirectly, for himself, Tri-Ed Distribution, Inc. or any Conflicting Organization, selling or offering for sale, or assist in any way the sale of Conflicting Products:

    o in the following geographic areas, identified by the first three digits of the postal zip code: Northern New Jersey -- 070-079,085-086,088-089; Southern New Jersey -- 080-084,087; the Hudson River Valley of New York -- 124-127; Northeast New York -- 120-123,128-129,133-135, 137-139; and Western Massachusetts -- 010-016; or

    o to any customer of Honeywell on which Heffernan called or for which he had supervisory responsibility during the one-year period prior to January 31, 2005.

- <u>Within 3 business days from receipt of this Order,</u> Heffernan shall provide to counsel for Honeywell a detailed accounting and certify under oath the customers or potential customers that he has contacted or solicited thus far as an employee of Tri-Ed (and that are located in his former sales territory as set forth above) and the result of such contact or solicitation.

**DONE AND ORDERED** in Springfield, Massachusetts this ____ day of _____, 2005.

_____
HON. _____
United States District/Magistrate Judge

2